[Civ. No. 9846.   First Appellate District, Division One.—November 20, 1935.]

THE PEOPLE, Respondent, v. WILHELMINA FOERST, Appellant.

Alvin A. Lobree and A. Brooks Berlin for Appellant.

John J. O'Toole, City Attorney, and Edmond P. Bergerot, Deputy City Attorney, for Respondent.

KNIGHT, J.—Pursuant to a resolution passed by the board of supervisors of the city and county of San Francisco, the city attorney instituted this action in the name of the People of the State to abate an alleged public nuisance which the city claimed the defendant maintained on premises belonging to

her and situate on the corner of Revere and Third Streets in said city. Judgment was entered in favor of plaintiff and the defendant appeals. The principal grounds urged for reversal are that the evidence does not support the findings and that the findings are legally insufficient to sustain the judgment. In our opinion there is no merit in either point.

Besides finding generally that all allegations of the complaint were true, the trial court found specifically as to the ultimate facts. Summarizing those allegations and findings, the following were the conditions shown thereby to exist: Upon said premises stood an old wooden structure, built as a dwelling some fifty or more years ago, but which continuously for a number of years next preceding the commencement of this action remained vacant; and on account of being unoccupied, its age and want of upkeep and care, it decayed and became greatly dilapidated, and for several years before being condemned as a nuisance was dangerous and unsafe to passers-by, and a fire and health menace to the entire neighborhood. All of the doors and windows were destroyed, the stairways, joists and floors were rotten and broken, the plumbing was wrecked, insanitary and not connected with the sewer; the chimney was off balance, defective and likely to fall; the basement was filled with an accumulation of rubbish; nuisances were being committed in and about the premises by vagrants and the place was infested with rats and vermin, and contained filth which emitted noxious odors offensive to the senses and injurious to the health of neighboring residents. The above conditions were shown to exist by competent testimony and by photographs taken of the interior and exterior of the wooden structure, which are made part of the record herein, and are amply sufficient to sustain the trial court's legal conclusion that a public nuisance was being maintained which demanded abatement.

Furthermore, and aside from the matter of the sufficiency of the findings, the evidence shows that for more than ten years prior to the commencement of the action complaints were made frequently to the municipal authorities about the noxious and dangerous condition of the premises; and that the health department held numerous hearings in an effort to persuade or compel the defendant as the owner of the premises to abate said conditions. Apparently, however, little if anything was done to that end, and the conditions continued

to grow worse. Eventually the matter was brought before the board of supervisors, and after a hearing said board adopted a resolution declaring that said conditions constituted a public nuisance and directed the city attorney to institute legal proceedings to abate the same. The record also shows that after a day in court the trial of the action was continued some four months, and upon the conclusion of the trial no decision was rendered for several months, evidently for the purpose of allowing defendant additional opportunity to remedy the offensive conditions. But apparently no effort was made to do so or to conform to the directions of the municipal authorities and the requirements of existing ordinances; whereupon the trial court rendered its decision and entered judgment directing, among other things, that said wooden structure be demolished.

.Appellant does not question the power of a municipality to abate a public nuisance nor challenge the legality of any of the proceedings leading up to the commencement of the present action. ■ She contends, however, that because the findings did not, in express terms, declare the wooden structure to be a public nuisance, that portion of the judgment directing that the same be demolished is not supported by the findings and is against law. The trial court did in terms find, however, that said structure was old, dilapidated, unsafe, defective, abandoned and extremely dangerous; that the chimney thereon was dangerous, extremely defective and in an unsafe condition; that practically the entire structure was rotten, broken, did not conform to building laws, and was a menace to life and limb of passers-by and to the property adjacent thereto; furthermore, that it was an extreme fire hazard and insanitary. Clearly the above findings warranted the trial court in directing that the structure be demolished.

The remaining points urged are merely incidental to the main ones above mentioned, and do not require further discussion.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.