[Civ. No. 10723.  First Appellate District, Division Two.—May 10, 1938.]

## THE PEOPLE, Respondent, v. UNITED CAPITAL CORPORATION (a Corporation), Appellant.

A. A. Tiscornia for Appellant.

John J. O'Toole, City Attorney, Edmund P. Bergerot and Thomas P. Slevin, Deputies City Attorney, and Walter E. Trefts, Jr., for Respondent.

SPENCE, J.—This action was brought to abate a public nuisance and defendant appeals from an adverse judgment.

The alleged nuisance consisted of an old dwelling which had been partially burned in 1929 and had remained unoccupied for many years. In 1935, the board of supervisors, upon recommendation of the police department, the health department and the bureau of fire prevention declared the building to be a public nuisance and directed that this action be brought under the provisions of section 731 of the Code of Civil Procedure. The trial court found all of the allegations of the complaint to be true and ordered that "defendant shall forthwith comply with all the existing building, health and fire laws, ordinances and statutes within a period of thirty days from the date hereof, and in the event said conditions are not complied with within the above stated time, that said defendant shall then and there forthwith remove and demolish every portion of the building . . . ".

The opening brief of appellant wholly fails to comply with the provisions of rule VIII, section 2, of the Rules of the Supreme Court and District Courts of Appeal, which requires that the brief "must present each point separately under an appropriate heading, showing the nature of the question to be presented or the point to be made". Said brief contains no headings whatever except the heading "Appellant's Opening Brief" and said opening brief is the only brief which appellant has filed.

At the conclusion of said brief, appellant states, "Therefore, appellant believes that the findings and judgment were largely unsupported by the evidence; and contends further that rather than ordering the building to comply with all building, health and fire laws, which would put it in condition for occupancy, the court should only have ordered appellant to eliminate certain nuisance features, by possibly sealing sewer traps, fixing certain rain gutters on the roof, removing boards affected with termites, and thoroughly boarding up any openings in the building." We will assume that these are the points which appellant desires to raise on this appeal.

■ We find no merit in either of the points raised by appellant. A review of the record shows that there was ample evidence to support all of the material findings and to warrant the abatement of the structure as a public nuisance. As said evidence supported the trial court's findings which showed a situation similar to that presented in *People* v. *Forest,* 10 Cal. App. (2d) 274 [51 Pac. (2d) 455], appellant's first point may be disposed of upon the authority of that case. ■ In view of the extremely dilapidated, unsafe and unsanitary condition of the building, which condition had been permitted to exist over a long period of time, the trial court might properly have made an unconditional order for the demolition of the building rather than the conditional order which provided for demolition only in the event that appellant failed to comply with the building, health and fire laws within thirty days. Appellant may not therefore complain that the trial court did not go further and order demolition only upon failure "to eliminate certain nuisance features".

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.