[Civ. No. 16915.  First Dist., Div. Two.  Sept. 24, 1956.]

THE PEOPLE ex rel. CITY OF SOUTH SAN FRANCISCO, Respondent, v RICARDO VASQUEZ, Appellant.

Coffey & Velasquez for Appellant.

Richard P. Lyons, City Attorney, for Respondent.

THE COURT.—This is an appeal from a judgment ordering the abatement as a public nuisance of a building owned and operated by appellant and consisting of a group of apartments used for human habitation. It is contended that the evidence does not support the finding that said building was a public nuisance, that respondent cannot complain of defects for the correction of which a permission was denied, and that the retroactive application of requirements of a building code to appellant's building which predates said code violates appellant's vested constitutional right to own property (Cal. Const., art. 1, § 1). We have found these contentions without merit.

The evidence shows in part that the building, known as 503 Bayshore Boulevard or Airport Boulevard in the city of South San Francisco, was a dilapidated frame construction without any concrete foundation, that the floors were rotting and sagging, that the walls were from two to three inches out of plumb and were decayed and structurally unsound, that there were large cracks and holes between the window sashes and the walls, in some places big enough to put a finger through, that there were no fire stops in the attic, that the electrical circuits were inadequate and overloaded, that the wiring entered the rooms through a hole drilled in the ceiling, without any outlet boxes, that from said wire, which was too light for its purpose, not only lights but also appliances were run, there being no floor outlets; that the building stood only thirty-one inches from an adjacent frame structure, and that all these conditions caused the building to be a very serious fire hazard for its surroundings, which hazard, according to the testimony of the witness Brauns, Assistant Fire Chief, could only be eliminated by rebuilding the building. (It may be noted in this respect that Brauns testified that the decayed walls were a fire hazard, because fire would progress through them much quicker than would normally be expected.) The

fire danger was moreover increased by the fact that the backyard was littered with old mattresses, cardboard boxes, old furniture and that at the side of the building was an open shed containing the same kind of refuse and also lumber. There was also evidence as to conditions detrimental to the health of the occupants and dangerous to the public health: infestation with rodents, earwigs and flies, insufficient sanitation facilities, (for the occupants of nine apartments there were only two toilets, one for the men, one for the women, accessible from the outside only, and only one shower located in the same room as the women's toilet) inadequate protection against the elements because of ill-fitting doors and windows, etc. There had been repeated complaints about the building, and since 1948 repeated notices of defects had been given to defendant; nevertheless, the conditions were still as stated on the day before that of the trial, November 9, 1954, except that the rodents had left when the building became unoccupied. The above evidence was uncontradicted and it was conceded by defendant's attorney that the charges were true. ▆ There is then no doubt that the building, as a public fire and health hazard, was a public nuisance subject to abatement, irrespective of whether or not it violated any applicable building code or ordinance. (*People* v. *Foerst,* 10 Cal.App.2d 274 [51 P.2d 455] ; *People* v. *United Capital Corp.,* 26 Cal.App.2d 297 [79 P.2d 186] ; *People* v. *Oliver,* 86 Cal.App.2d 885 [195 P.2d 926].)

▆ Considering the uncontradicted evidence of Chief Brauns that no repair but only total rebuilding could prevent the building from being a serious fire hazard to the city of South San Francisco, appellant cannot complain that abatement was ordered without giving prior opportunity to repair. There is no evidence of any effective manner of repair proposed by plaintiff. The only evidence on which appellant relies in respect to refusal of permit for repair is that about three years before the trial he came to the building department of the city of South San Francisco and inquired what could be done to fix the building. He was then told that "the building was in pretty bad condition and it would take more than fifty per cent of the actual cost of the building to bring it up to a minimum standard and he would have to tear the building down to bring it up to any standards." No plans were thereafter submitted by appellant or permits asked.

Although evidence was received without objection as to dif-

ferent respects in which the building violated building legislation and ordinances, the decision that the building is a public nuisance is not based on findings that it violates any such legislation or ordinances but on the ground that the defects of the building ''are dangerous to the public health and safety and are offensive to the senses and constitute an extreme fire hazard to said premises and all the surrounding property.'' As the undisputed fire and health hazards sufficiently justify the decision, we need not consider whether retroactive application of certain legislation or ordinances to the required changes would be legal or not—also considering the extent of said required changes—or whether the finding that the building is offensive to the senses is sufficiently supported by the evidence.

When findings responsive to allegations in the pleadings and supported by the evidence fully support the judgment, it is immaterial whether other findings also are supported by the evidence. (*Sands* v. *Eagle Oil & Refining Co.*, 83 Cal. App.2d 312, 321 [188 P.2d 782] and cases there cited.)

Judgment affirmed.